UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA, JR., <br><br> Petitioner, <br><br> v. <br><br> CONNIE GIBSON, <br><br> Respondent. | Case No.: 1:21-cv-00296-NONE-SKO (HC) <br><br> FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. 15] <br><br> [TWENTY-ONE DAY OBJECTION PERIOD] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition in this Court on February 21, 2021. (Doc. 1.) On April 30, 2021, Respondent filed a motion to dismiss the petition for violating the statute of limitations. (Doc. 11.) On May 14, 2021, Petitioner filed an opposition to the motion to dismiss. (Doc. 15.) On May 25, 2021, Respondent filed a reply to Petitioner's opposition. (Doc. 16.) Upon review of the pleadings, the Court finds that the petition violates the statute of limitations. The Court will therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

/////

/////

1

# DISCUSSION

I.     Procedural Grounds for Motion to Dismiss

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitations Period for Filing Petition for Writ of Habeas Corpus

    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

    In this case, the petition was filed on February 21, 2021,[1] and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking

---

[1] Although the petition was filed in this Court on February 24, 2021, the petition was dated February 21, 2021. The Supreme Court has held that a pro se petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. 28 U.S.C. § 2244(d)(1)(A)

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner was sentenced on January 11, 2019. (Doc. 13-1 at 1.) Direct review concluded on March 11, 2019, when the sixty-day period for filing a notice of appeal expired. Cal.R.Ct. 8.308(a); Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012). The statute of limitations commenced on the following day on March 12, 2019. Absent applicable tolling, the last day to file a federal habeas petition was March 11, 2020. Petitioner did not file his federal petition until February 21, 2021, over 11 months after the statute of limitations expired.

### B. 28 U.S.C. § 2244(d)(1)(B)

In his opposition, Petitioner contends he is entitled to a later start date pursuant to § 2244(d)(1)(B). He claims that Assembly Bill 1618, codified at Cal. Penal Code § 1016.8(a)(b), removed a state impediment to his filing. Petitioner's contention is not well-taken.

---

Therefore under the mailbox rule, the Court deems the petition filed on February 21, 2021, the date Petitioner presumably handed his petition to prison authorities for mailing.

3

As set forth above, Section 2244(d)(1)(B) provides a later start date for the statute of limitations where a state-created impediment prevented the timely filing of his federal habeas petition. Here, no state-created impediment prevented a timely filing. Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005) is illustrative. In Shannon, the petitioner claimed that a California Supreme Court decision clarifying state law removed an impediment to his federal filing. However, the Ninth Circuit found "no support for the proposition that a state's determination of its own substantive law in a way that leaves a convict with no meritorious federal claim can constitute an 'impediment' under § 2244(d)(1)(B), and so far as we can tell, none exists." Id. Similarly, Petitioner fails to show that the change in state law constituted an impediment to his filing. He was free to file his petition at any time.

C.     28 U.S.C. § 2244(d)(1)(C)

To the extent Petitioner seeks a later start date pursuant to § 2244(d)(1)(C), the claim fails. Section 2244(d)(1)(C) provides for a later start date where a claim is based on a new constitutional right recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In this case, Petitioner's claim is based on state law, not federal law recognized by the Supreme Court and made retroactively applicable.

D.     28 U.S.C. § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the statute of limitations does not commence until the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Significantly, the statute commences when the factual predicate is known or could have been discovered—not when the factual predicate was actually discovered by Petitioner and not when Petitioner understands the legal theories available to him or the legal significance of the facts that he discovers. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Here, Petitioner's claims are not based on any new facts; they are based on changes in state law. Therefore, he is not entitled to a later start date under § 2244(d)(1)(D).

III.    Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules

| | |
|---|---|
| 1 | governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 |
| 2 | U.S. 4, 8 (2000).  An application is pending during the time that "a California petitioner completes a |
| 3 | full round of [state] collateral review," so long as there is no unreasonable delay in the intervals |
| 4 | between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, |
| 5 | 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 |
| 6 | F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v. |
| 7 | Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). |
| 8 | In this case, Petitioner filed three habeas petitions in the state courts, as follows[2]: |

**First Petition:**
May 27, 2020: Petition for writ of habeas corpus filed in the Tulare County Superior Court.
June 15, 2020: Petition denied.

**Second Petition**:
June 23, 2020: Petition for writ of habeas corpus filed in the California Court of Appeal, Fifth Appellate District.
October 1, 2020: Petition denied.

**Third Petition:**
October 25, 2020: Petition for writ of habeas corpus filed in the California Supreme Court.
February 20, 2020: Petition denied.

(Docs. 13-2 – 13-7.)

Petitioner is not entitled to statutory tolling for these petitions because the limitations period had already expired by the time Petitioner filed his first state petition.  The petitions could not toll the limitations period or operate to revive the limitations period.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Thus, the federal petition was untimely and should be dismissed.

IV.     Failure to State a Cognizable Federal Claim

Respondent further contends that Grounds One and Three do not raise federal questions and should be dismissed.  In Ground One, Petitioner contends the two sentencing enhancements under Cal. Penal Code § 667(a)(1) must be re-examined in light of new state laws that give the trial court discretion to strike priors.  In Ground Three, Petitioner claims his positive programming in prison

---

[2] Under the mailbox rule, the Court considers the dates of filing to be the dates Petitioner signed and presumably handed over his documents to prison authorities for filing.  Campbell, 614 F.3d at 1058-59.

should be taken in consideration for resentencing. In his reply, Petitioner contends that his grounds are based on violations of his constitutional rights.

Respondent's arguments are persuasive. It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Here, Petitioner challenges the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). Moreover, the state courts determined that Petitioner did not qualify for resentencing. A federal habeas court is bound by the state courts' interpretation and application of state law. Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Therefore, Grounds One and Three do not present a federal claim and should be dismissed.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period. The Court further RECOMMENDS that Grounds One and Three be dismissed as well for failure to state a cognizable claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 8, 2021**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE